UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOVIE MEDICAL CORPORATION,

    Plaintiff,

v.                                                    Case No.: 8:10-cv-1527-T-24EAJ

STEVE LIVNEH, HENVIL CORP. LTD.,
LICAN DEVELOPMENTS LTD.,

    Defendants.
_____/

## **ORDER**

    This cause comes before the Court on a Motion to Seal Exhibits filed by Defendants Steve Livneh, Henvil Corp. Ltd., and Lican Developments Ltd.  (Doc. No. 24.) Defendants seek to file under seal 54 pages of exhibits in support of their reply to Plaintiff's response to their motion to dismiss or transfer.  Defendants certified, pursuant to Local Rule 3.01(g), that Plaintiffs agree to the filing of these exhibits under seal, but object to the submission of new arguments and evidence contained in the reply.

    Also before the Court is Plaintiff Bovie Medical Corporation's Motion to Strike Defendants' Reply and New Evidence Submitted with Reply, or in the Alternative, for Leave to File Sur-Reply, which was filed October 15, 2010.  (Doc. No. 26.)  Defendants oppose this motion.

**I.    Background**

    This is a breach of contract action involving the purchase of the assets and technology of Defendant Lican Developments Ltd. ("Lican") by Plaintiff Bovie Medical Corporation ("Bovie").  Plaintiff Bovie is a medial device company that manufactures and markets

electrosurgical devices.  Defendant Steve Livneh is an engineer and inventor of medical devices, and also the sole shareholder and president of Defendant Lican Developments Ltd. and Defendant Henvil Corporation Ltd.

The purchase of Lican by Bovie involved a complicated series of contracts, including an assignment agreement, two non-disclosure agreements, a purchase agreement, a non-competition covenant, a consulting agreement, and an employment agreement.  In July 2010, Bovie sued the defendants, alleging 25 counts for breach of the parties' contracts, breach of fiduciary duty, defamation, and various other torts.

Rather than respond to the allegations in the complaint, Defendants moved to dismiss the complaint based on improper venue under Federal Rule of Civil Procedure 12(b)(3).  They contend that the forum selection clauses contained in the parties' contracts, which name New York as the forum for any disputes between the parties, require that the case be dismissed for improper venue.  Alternatively, they move the Court to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of New York.  As another alternative, they move to transfer the case to the Eastern District of Michigan, again pursuant to 28 U.S.C. § 1404(a),  because many of the potential witnesses are located there.  Bovie responded to the motion, and then, with the Court's permission, Defendants filed a reply.  (Doc. Nos. 18, 25.)

**II.    Discussion**

    **A.    Defendants' Motion to Seal**

Defendants move the Court for permission to file under seal 54 pages of exhibits in support of their reply, which they contend include confidential, sensitive, and private business information.  Local Rule 1.09(a) provides that a party seeking to file under seal any document

shall file a motion that includes the following:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla., Local R. 1.09(a).

The right of access to judicial records pursuant to the common law is well established. However, the public's right of access is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted). In balancing these interests to determine whether documents should be placed under seal, courts consider:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials of public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id*. "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

Defendants represent that their documents consist of board minutes, memoranda, emails, and letters that contain private and confidential information regarding the following:

> personnel changes; bonus payments; consulting fees; movement of product lines; development of intellectual property rights related to certain designs; potential manufacturing agreements; Mr. Linveh's residency status; recommendations and comments pertaining to discussions regarding potential merger and acquisition activities; employment and personnel changes; Food and Drug Administration issues; royalties; financing; specific details of potential offers including payment schedules and closing sequences; financial summaries of Plaintiff's investment in

    another company; and a listing of the gross value of assets purchased in an agreement.

(Doc. No. 24, p. 3-4.) Defendants contend that their privacy and proprietary interests in this information overcomes the public's interest in accessing the information. Defendants state that an alternative to sealing the confidential records is not practicable, and the proposed seal should remain throughout the litigation, including any appeal.

    The Court disagrees. Defendants have not explained why the filing of many of these documents is necessary or relevant, nor why they should be filed under seal. For example, Defendants want to file under seal board of directors meeting minutes that "contain[] income statements, forecasts and memorializations of detailed internal discussions regarding business decisions." Defendants describe another set of meeting minutes as containing "internal discussions including: financing; employment contract; prospective partners and other business issues." Other proposed documents contain "discussions regarding potential merger and acquisition activities." Defendants note that these meeting minutes, as well as many of the other proposed documents, are marked "confidential" and "proprietary." Defendants also propose documents that contain information regarding Defendant Livneh's residency and employment status, as well as his social security number.[1]

    Defendants' description of the documents is so vague the Court cannot discern how they are relevant to the issue at hand–namely, whether this case should be dismissed or transferred due to improper venue, because the forum selection clauses contained in the relevant contracts

---

[1]The Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases require that all but the last four digits of any social security number be redacted from any court filing. *See* Rule (II)(I)(1)(a).

dictate an alternative forum. These documents appear to be ordinary business documents, and do not appear to contain any propriety secrets that would harm Defendants' legitimate privacy interests if they were made public. The fact that the parties have marked their own business records as "confidential" or "proprietary" is immaterial, especially when the sensitive nature of these documents has not been identified. Although Defendants may have an interest in keeping them confidential, Defendants have not met their burden of outweighing the public's right of access. Accordingly, because Defendants have not shown good cause to overcome the common law right of access to these documents, the motion to file these documents under seal must be denied.

      B.      **Plaintiff's Motion to Strike**

Plaintiff did not oppose Defendants' motion to file these documents under seal; however, it vigorously opposes Defendants' use of the documents, and moves the Court to strike them on the grounds that it is unfair for Defendants to submit new evidence and arguments in their reply brief. Plaintiff contends that all of documents were available to Defendants when they filed their motion to dismiss, and if Defendants intended on relying on them, they should have filed the documents with the original motion so that Plaintiffs could have responded to them. Alternatively, if the Court permits Defendants to file the documents under seal, Plaintiff requests leave to file a 10 page sur-reply to address the issues and evidence raised for the first time in the reply.

Plaintiff's motion to strike is **DENIED AS MOOT** because the Court has ruled that Defendants may not file the 54 pages of documents under seal. Furthermore, the Court will not permit Plaintiff to file a sur-reply, as the issues before the Court–whether the case should be

dismissed or transferred due to improper venue–have been fully briefed, and Plaintiff has not identified any new arguments that have yet to be addressed by the parties, that are critical to the Court's resolution of the motion to dismiss or transfer.  Plaintiff has not shown that it is prejudiced by Defendants' reply, particularly in light of the fact that Defendants' new evidence may not be filed under seal.

## II.     Conclusion

Accordingly, because Defendants have not met the standard for filing documents under seal, their Motion to Seal is **DENIED**.  Plaintiffs' Motion to Strike is **DENIED AS MOOT**.

The Court encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden opposing counsel with responding to an unnecessary motion.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of October, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge