UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOVIE MEDICAL CORPORATION,

    Plaintiff,

v.                                                      Case No.: 8:10-cv-1527-T-24EAJ

STEVE LIVNEH, HENVIL CORP. LTD.,
LICAN DEVELOPMENTS LTD.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on a Motion to Dismiss or, Alternatively, to Transfer Venue filed by Defendants Steve Livneh, Henvil Corp. Ltd., and Lican Developments Ltd. (Doc. No. 16). Defendants move to dismiss this case for improper venue, or alternatively to transfer this case to either the Eastern District of New York or the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). Plaintiff Bovie Medical Corporation opposes the motion. (Doc. No. 18).

**I.    Background**

This is a breach of contract action involving the purchase of the assets and technology of Defendant Lican Developments Ltd. ("Lican") by Plaintiff Bovie Medical Corporation ("Bovie"). Bovie is a medical device company that manufactures and markets electrosurgical devices. (Doc. No. 1 ¶ 7). Bovie is a Delaware corporation with its principal place of business in Clearwater, Florida. (Doc. No. 1 ¶ 1).

Defendants Henvil Corp. Ltd. ("Henvil") and Lican Developments Ltd. are Canadian corporations. (Doc. No. 1 ¶¶ 3-4). Henvil engages in the design of innovative instruments for the

surgical industry. (Doc. No. 1. ¶ 10).  Lican is a product development and manufacturing company focused on endoscopic devices.  (Doc. 1 ¶ 28).  Steve Livneh is an engineer and inventor of medical devices, and also the sole shareholder and president of Lican and Henvil.  He is a resident of Canada.  (Doc. No. 1 ¶¶ 28, 2).

The purchase of Lican by Bovie involved a complicated series of seven contracts.  The relevant relationship of the parties began in January 2006 when Bovie acquired patent-pending technology for new endoscopic disposable and reusable modular instruments from Livneh and Henvil pursuant to a Consulting and Intellectual Property Assignment Agreement ("Assignment Agreement"). (Doc. 1 ¶ 11; Doc. 16 Ex. 2).  The Assignment Agreement incorporates by reference, and requires Livneh and Henvil to adhere to, the terms and conditions of the Mutual Non-Disclosure Agreement ("2006 Mutual Non-Disclosure Agreement"). (Doc. 16 Exh. 2 at § 3.1).  Bovie then acquired assets of Lican pursuant to an Asset Purchase Agreement ("Purchase Agreement"). (Doc. No. 1 ¶ 29; Doc. No. 16 Exh. 3).  Next, Lican entered into a Non-Competition Covenant with Bovie ("Non-Competition Covenant"). (Doc. No. 1 ¶ 37; Doc. No. 16 Exh. 4).

Bovie then formed Bovie Canada, a 100 percent owned subsidiary of Bovie Holdings, Inc., in order to continue the further development of the technologies it acquired from Lican. (Doc. No. 1 ¶ 40). Subsequently, Bovie Canada[1] entered into an employment contract ("Employment Agreement") with Livneh under which Livneh would serve as President of Bovie Canada from October 10, 2006 through October 31, 2009. (Doc. No. 1 ¶ 41; Doc. No. 16 Exh.

---

[1] The parties to the Employment Agreement are Bovie Canada and Livneh.  It does not appear that Bovie Medical is a party to this contract.

5). Livneh was elected to serve on Bovie's Board of Directors on April 8, 2008. (Doc. 1 ¶ 60). Bovie contends that Livneh engaged in a series of disloyal, dishonest, wrongful, tortious, and unlawful actions that were calculated to benefit Livneh at the expense of Bovie and its business interests. (Doc. No. 1 ¶ 62.) Ultimately, Livneh was removed from the Board on July 16, 2010. (Doc. 16 Exh. 1 ¶ 20).

      The agreements at issue are as follows: The first agreement, the "Assignment Agreement," which was executed on January 11, 2006 by Bovie, Henvil, and Livneh, contains a forum selection clause stating that New York is the exclusive venue. (Doc. No. 16-2). The second agreement, the "2006 Mutual Non-Disclosure Agreement," was also executed on January 11, 2006 by Bovie, Henvil, and Livneh and was attached as an exhibit to the Assignment Agreement. (Doc. No. 16-2, Exh. E). The 2006 Mutual Non-Disclosure Agreement is silent as to forum, but appears to be incorporated within the Assignment Agreement, which contains a mandatory New York forum selection clause. The third agreement, the "Purchase Agreement," which was executed on October 2, 2006 by Bovie and Lican, contains a forum selection clause stating that venue is proper in Florida. (Doc. 16-3). The fourth agreement, the "Non-Competition Covenant," was also executed on October 2, 2006 by Bovie and Lican. It contains a forum selection clause stating that Florida is the exclusive venue. (Doc. No. 16- 4). The fifth agreement, the "Employment Agreement," which was executed on October 10, 2006 by Bovie and Lican, does not contain a forum selection clause. (Doc. 16-5). The two remaining agreements, a "Consulting Agreement (Doc. 16-6) and a "2009 Non-Disclosure Agreement" (Doc. 16-6, Exh. B), are both dated November 1, 2002 but were never signed by Bovie Medical or Lican. The Consulting Agreement contains a Florida forum selection clause; the 2009 Non-

3

Disclosure Agreement does not contain a forum selection clause. (Doc. 16-6, Exh. B).

In July 2010, Bovie sued the defendants, alleging 15 counts for breach of the parties' contracts, breach of fiduciary duty, defamation, and various other torts.

## II.     Standard of Review

Defendants have moved to dismiss the complaint based on improper venue under Federal Rule of Civil Procedure 12(b)(3). They contend that the forum selection clauses contained in the parties' contracts require that the case be dismissed for improper venue. Motions to dismiss based on forum selection clauses are properly brought pursuant to Rule 12(b)(3) as motions to dismiss for improper venue. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285,1290 (11th Cir. 1998).

In considering a motion to dismiss for improper venue, the court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged, the court may examine facts outside of the complaint to determine whether venue is proper. *Wai v. Rainbow Holdings*, 315 F. Supp.2d 1261, 1268 (S.D. Fla. 2004). The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id.*; *see also, BP Prods. N. Am., Inc. v. Super Stop Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006).

Alternatively, Defendants move to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Eastern District of New York or to the Eastern District of Michigan because many of the potential witnesses are located there. A trial court has broad discretion regarding transfer. *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000) (stating that "[t]he Eleventh Circuit has determined that a court should be somewhat restrictive in transferring

4

actions, stating that '[t]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations'" (citing *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996)). The movant has the burden of persuading the district court that transfer is appropriate; however, the district court will not disturb the plaintiff's choice of venue unless the balance strongly favors the defendant. *Id.*

### III. Discussion

#### A. Defendants' 12(b)(3) Motion to Dismiss for Improper Venue

Defendants contend that venue is improper because two of the parties' agreements, which form the bases of many of Bovie's claims, contain mandatory New York forum selection clauses. They contend that these clauses must be enforced, and therefore, argue that the entire suit should be dismissed. With regard to the agreements containing Florida forum selection clauses, Defendants to not contest the validity of those clauses, but rather, argue that enforcement would be unreasonable because they did not "recognize or appreciate" the Florida forum selection clauses when they entered into those agreements. (Doc. No. 16 p. 18).

In response, Bovie urges the Court not to enforce the New York forum selection clauses not because they are invalid, but because, to do so, would result in Bovie having to pursue its claims in multiple lawsuits in different forums. Bovie contends that this result would be "unreasonable and unjust." (Doc. No. 18 p. 11).

Forum selection clauses in contracts are enforceable in federal courts. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Forum-selection clauses are presumptively valid absent a "strong showing" that enforcement would be unfair or unreasonable under the circumstances. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991); *M/S Bremen*,

407 U.S. at 10.

Upon review of the complaint and the seven agreements at issue, the Court concludes that it must enforce the valid forum selection clauses contained in each of those agreements. The fact that Defendants were not aware of the Florida forum selection clauses when they entered into the parties' agreements is not a sufficient reason to ignore those valid clauses. It is well-established that "[a] party who signs an instrument is presumed to know its contents." *Linville v. Ginn Real Estate Co.*, 697 F. Supp. 2d 1302, 1308-09 (M.D. Fla. 2010) (quotations and citations omitted). A party "cannot avoid [its] obligations thereunder by alleging that [it] did not read the contract, or that the terms were not explained . . . , or that [it] did not understand the provisions." *Id.* Defendants have not made a sufficient showing to overcome the presumptively valid and enforceable Florida forum selection clauses.

Accordingly, the Court shall grant the motion to dismiss for improper venue as to the counts contained in the complaint that are based on agreements that contain a New York forum selection clause, and deny the motion as to the counts that are based on agreements that contain a Florida forum selection clause. As to the counts that concern agreements that are silent as to forum, Defendants have failed to meet their burden to show that jurisdiction in the Middle District of Florida is improper. Therefore, the motion is denied as to those counts, as well. The result produced by this decision as it relates to each count is explained below.

### 1. Count I

In Count I, Bovie seeks a declaration of the parties' rights regarding the intellectual property that Defendants sold to Bovie pursuant to the Purchase Agreement and the Assignment Agreement, the status of the Consulting Agreement, and the composition of the Board. This

count is based on the Purchase Agreement,[2] which contains a Florida forum selection clause, the Assignment Agreement,[3] which contains a New York forum selection clause, and the Consulting Agreement,[4] which was not signed by the parties but contains a Florida forum selection clause.

As explained above, the Court shall uphold all three of the valid forum selection clauses contained in these agreements. Accordingly, the Court dismisses without prejudice the portion

---

[2]The mandatory Florida forum selection clause contained in the Purchase Agreement reads:
> Buyer and Seller hereby irrevocably submit to the jurisdiction of the courts of the State of Florida and the Federal courts of the United States of America located in the State, City and County of St. Petersburg, Florida, USA, solely in respect of the interpretation and enforcement of the provisions of this Agreement and of the documents referred to in this Agreement, and hereby waive, and agree not to assert, as a defense in any action, suit or proceeding for the interpretation or enforcement hereof or of any such document, that it is not subject thereto or that such action, suit or proceeding many not be brought or is not maintainable in said courts or that the venue thereof may not be appropriate or that this Agreement or any of such document may not be enforced in or by said courts, and the Parties irrevocably agree that all claims with respect to such action or proceeding shall be heard and determined in such a St. Petersburg, Florida, State or Federal court.

(Doc. 16-3 ¶ 7.8.4)).

[3]The mandatory New York forum selection clause contained in the Assignment Agreement reads:
> The parties hereby designate the Courts of New York as the sole and exclusive forum for resolution of any disputes arising under this Agreement and claims for breach thereof, and further, each of the parties hereby expressly consents to that forum, and to the exercise of personal and subject matter jurisdiction by such Court, waiving affirmatively any objection thereto.

(Doc. 16-2 ¶ 8.3)).

[4]The mandatory Florida forum selection clause contained in the Consulting Agreement reads:
> The parties hereby designate the applicable federal (and state) courts of Hillsborough County, Florida, as the sole and exclusive forum for resolution of any disputes arising under this Agreement, and claims for breach thereof, and further, each of the Parties hereby expressly consents to that forum, and to the exercise of personal and subject matter jurisdiction by such courts, waiving affirmatively any objection thereto.

(Doc. 16-6 ¶ 8.3).

of Count I that relates to the Assignment Agreement, as that agreement contains a valid and mandatory New York forum selection clause. The motion is otherwise denied, as venue is otherwise proper in this Court regarding Count I, due to the mandatory Florida forum selection clauses in the Purchase Agreement and the Consulting Agreement.[5]

### 2. Count II

In Count II, Bovie alleges that Livneh breached the Employment Agreement by, among other things, disclosing Bovie's confidential information without authorization, by soliciting Bovie's clients, and by recruiting Bovie's employees. The Employment Agreement does not contain a forum selection clause. However, the Purchase Agreement, which–as explained in Count I–contains a mandatory Florida forum selection clause, lists the Employment Agreement as a condition precedent to performance under the Purchase Agreement. The Employment Agreement is also attached as an exhibit to the Purchase Agreement. The Court therefore finds, for the limited purpose of resolving this motion, that the Florida forum selection clause contained in the Purchase Agreement applies to the Employment Agreement.

Morever, even if the Florida forum selection clause in the Purchase Agreement did not apply to disputes relating to the Employment Agreement, the result would be the same, as Defendants have not met their burden of showing that venue in this Court is improper for claims relating to the Employment Agreement. For these reasons, venue is proper in this Court as to Count II.

---

[5] Even if the Florida forum selection clause in the Consulting Agreement is not enforceable because that agreement was not signed, the result would be the same, as Defendants have not shown that venue in this Court is improper for claims relating to the Consulting Agreement.

### 3. Count III

In Count III, Bovie alleges that Lican breached the Non-Competition Covenant by, among other things, assisting Bovie's competitors. That contract contains a permissive, but valid Florida forum selection clause.[6] Therefore, venue is proper in this Court as to Count III.

### 4. Count IV

In Count IV, Bovie alleges that Livneh breached the Consulting Agreement, which the parties did not sign. As noted previously, this agreement contains a mandatory Florida forum selection clause. Although the parties argue about whether this unsigned agreement is enforceable, the Court need not decide that issue at this point. The Court shall assume, for purposes of resolving this motion, that the agreement and its forum selection clause are valid, and therefore, venue is proper. Moreover, even if the Consulting Agreement is not enforceable, Defendants have not met their burden of showing that venue is improper for claims relating to this agreement. Therefore, the Court finds that venue in this Court is proper as to Count IV.

### 5. Count V

In Count V, Bovie alleges that Livneh and Lican breached the 2009 Non-Disclosure Agreement, which does not contain a forum selection clause, and which was not signed by the

---

[6]The permissive Florida forum selection clause contained in the Non-Competition Covenant reads:
> This Agreement shall be construed, interpreted and enforced in accordance with, and the respective rights and obligations of the parties shall be governed by the laws of the State of Florida, without regard to its choice of law principles, and each party hereby irrevocably and unconditionally submits to the non-exclusive jurisdiction of the courts of such state and all courts competent to hear appeals therefrom.

(Doc. 16-4 ¶ 3).

parties. Again, because Defendants have not shown that venue is improper in this Court for claims relating to this agreement, the Court finds that venue in this Court is proper as to Count V.[7]

### 6. Count VI

In Count VI, Bovie alleges that Livneh and Henvil breached the Assignment Agreement by, among other things, failing to develop designs of the inventions covered by the agreement, by failing to advance Bovie's propriety interests, and by failing to perform their obligations under the agreement for Bovie's benefit. As noted above, this agreement contains a mandatory New York forum selection clause.

Bovie concedes that this claim falls "within the scope of the New York forum selection clause," but urges the Court not to enforce the clause, so that Bovie can avoid having to file "multiple lawsuits in different forums." (Doc. 19 p. 10-11). The Court, however, is not persuaded by this argument, or by the non-controlling caselaw cited by Bovie for its position. Accordingly, the Court dismisses this claim without prejudice.

### 7. Count VII

In Count VII, Bovie alleges that Livneh and Henvil breached the 2006 Mutual Non-Disclosure Agreement by disclosing Bovie's confidential information. The 2006 Mutual Non-Disclosure Agreement does not contain a forum selection clause, but it was attached as an exhibit to the Assignment Agreement, which, as explained in Count I, contains a mandatory New

---

[7] The Court notes that the 2009 Non-Disclosure Agreement is an exhibit to the unsigned Consulting Agreement, which contains a Florida forum selection clause. If the Florida forum selection clause in the Consulting Agreement is enforceable and applicable to the 2009 Non-Disclosure Agreement, that would be an additional basis for finding venue to be proper.

York forum selection clause.

Again, Bovie concedes that this claim falls "within the scope of the New York forum selection clause," but urges the Court not to enforce the clause, so that Bovie can avoid having to file "multiple lawsuits in different forums." The Court, however, is not persuaded by this argument, or by the non-controlling caselaw cited by Bovie for its position. Accordingly, the Court dismisses this claim without prejudice.

### 8. Count VIII

In Count VIII Bovie alleges that the defendants breached the implied covenant of good faith and fair dealing when they breached the Purchase Agreement, Employment Agreement, Non-Competition Agreement, Consulting Agreement, 2009 Non-Disclosure Agreement, Assignment Agreement, and 2006 Mutual Non-Disclosure Agreement. The Court finds that Bovie's claim for breach of good faith is controlled by the forum selection clauses (if any) that are contained within each of these agreements. As such, the Court dismisses this claim without prejudice to the extent it relates to the Assignment Agreement, which contains a New York forum selection clause, and the 2006 Mutual Non-Disclosure Agreement, which is incorporated into the Assignment Agreement.

As previously stated, the Purchase Agreement, Non-Competition Agreement, and Consulting Agreement have Florida forum selection clauses. Furthermore, Defendants have not shown that venue is improper in this Court for claims relating to the Employment Agreement or the 2009 Non-Disclosure Agreement, which do not have a forum selection clauses. Therefore, the Motion to Dismiss Count VIII is denied to the extent it relates to these five agreements.

### 9. Count IX

In Count IX, Bovie alleges that Livneh breached his fiduciary duty and/or duty of loyalty to Bovie while he was President of Bovie Canada, an officer of Bovie, and a member of Bovie's Board of Directors. The Eleventh Circuit has noted that "[c]ommercial contractual issues are commonly intertwined with claims in tort" and explained that a forum selection clause may apply to all causes of action arising directly or indirectly from the business relationship under the contract. *Stewart Org. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987). Because this claim is related to the Employment Agreement, which this Court has found to be controlled by the Florida forum selection clause contained in the Purchase Agreement, venue is proper in this Court for Count IX.

### 10.   Count X

In Count X, Bovie alleges that the defendants violated Florida's Uniform Trade Secrets Act, Fla. Stat. §§ 688.001, *et seq*. Misappropriation of trade secrets is an intentional tort in the state of Florida. *Vance v. Tire Eng'g and Distribution, LLC*, 32 So. 3d 774, 776 (Fla. 2d DCA 2010) (stating that a plaintiff alleged "various intentional torts including . . . misappropriation of trade secrets"). This count sounds in tort and does not refer to any specific agreement. Defendants have failed to show why venue is improper as to this claim. Therefore, the motion is denied as to Count X.

### 11.   Count XI

In Count XI, Bovie alleges that the defendants tortiously interfered with its contractual and business relations. This count sounds in tort and does not refer to any specific agreement. Defendants have failed to show why venue is improper as to this claim. Therefore, the motion is denied as to Count XI.

### 12. Count XII

In Count XII, Bovie alleges that Livneh defamed Bovie by publishing false and defamatory statements about Bovie to third parties. This count sounds in tort and does not refer to any specific agreement. Defendants have failed to show why venue is improper as to this claim. Therefore, the motion is denied as to Count XII.

### 13. Count XIII

In Count XIII, Bovie asserts a claim for slander of title against Livneh. This count sounds in tort and does not refer to any specific agreement. Defendants have failed to show why venue is improper as to this claim. Therefore, the motion is denied as to Count XIII.

### 14. Count XIV

In Count XIV, Bovie asserts a claim for unjust enrichment against the defendants. This count, by definition, is a cause of action that arises in the absence of a contract; it follows that this count is not based on, nor does it refer to, any specific agreement. Defendants have failed to show why venue is improper as to this claim. Therefore, the motion is denied as to Count XIV.

### 15. Count XV

In Count XV, Bovie seeks a preliminary and permanent injunction against all the defendants, and a declaration regarding the parties' rights as they relate to several of the agreements. To the extent that this count is based on the Assignment Agreement and the 2006 Non-Disclosure Agreement, venue is improper in this Court due to the New York forum selection clauses contained therein. Therefore, Count XV is dismissed without prejudice to the extent it is based on these agreements. However, to the extent this count is based on the other five agreements that do not contain a New York forum selection clause, the Court finds that

venue in this Court is proper.

### B. Defendants' Motion to Transfer under 28 U.S.C. Section 1404(a)

As an alternative to dismissal, Defendants move the Court to transfer this action to either the Eastern District of New York or the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). As to the counts or partial counts that remain properly before the Court, the motion to transfer is denied.

When considering whether to transfer under Section 1404(a), courts consider "the convenience of parties and witnesses" and "the interest of justice;" and, a forum selection clause is "a *significant* factor that figures *centrally* in the district court's calculus." *Stewart Org. Inc.*, 487 U.S. at 29 (emphasis added). Moreover, "[i]n order to overcome the presumption in favor of Plaintiff's choice of forum, the movant must show that the balance of convenience is 'strongly in favor' of the transfer." *Eye Care Int'l, Inc.*, 119 F. Supp. 2d at 1317 (quotations and citations omitted). Ultimately, the decision whether to transfer the action is within the broad discretion of the trial court. *American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999). Federal courts traditionally have accorded a plaintiff's choice of forum considerable deference. *In re Ricoh Corp.*, 870 F.2d at 573.

"Where a mutually agreed upon contract contains a mandatory forum-selection provision, 'the venue *mandated* by a choice of forum clause rarely will be outweighed by other 1404(a) factors.'" *Mulligan v. Frank Found. Child Assistance Int'l*, 584 F. Supp. 2d 1328, 1330 (M.D. Fla. 2008) (emphasis in original). For this Court to invalidate a mandatory forum selection clause, the movant must meet the heavy burden of showing that the forum selection clause is unreasonable "as, for example, when a [party] would be virtually denied an opportunity to

litigate in the selected forum because of a special hardship." *Id.*

Defendants have failed to satisfy this burden with respect to any of the counts, or parts of counts, that concern agreements with Florida forum selection clauses. Here, the parties clearly expressed an intent in writing to litigate any claims related to the Purchase Agreement and the Non-Competition Covenant in Florida, and this Court is enforcing the forum that the parties have selected. There is nothing to suggest that the agreements at issue were not freely and fairly negotiated by business professionals; at most, Defendants assert that they did not realize or appreciate that they were agreeing to Florida as the forum. (Doc. 16 ¶ 3-4). This is not a valid legal argument and thus does not persuade this Court. Additionally, because the Florida forum selection clause contained in the Purchase Agreement applies to the Employment Agreement, the contractually agreed-upon venue for claims relating to the Employment Agreement should also be enforced. Plaintiff's choice of venue will only be disturbed if Defendants show the balance of convenience is strongly in favor of transfer, which Defendants have not done with regard to claims relating to these three agreements. *Sterling v. Provident Life & Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1206-07 (M.D. Fla. 2007).

Defendants assert that this Court should transfer the case to the Eastern District of Michigan "because many of the potential witnesses are situated in that District, or within fifty (50) miles of the Theodore Levin United States Courthouse in Detroit, Michigan." (Doc. No. 16 ¶ 4). Although convenience of the witnesses is a factor for this Court to consider in its 1404(a) analysis, it is not determinative and, ultimately, is not persuasive under the facts of this case. *Sterling*, 519 F. Supp. 2d at 1206-07 ("'The Courts will not disturb a plaintiff's venue merely to shift inconveniences between the parties.'" (quoting *American Aircraft Sales Int'l, Inc.*, 55 F.

15

Supp. 2d at 1351)). Therefore, this Court denies Defendants' alternative motion to transfer this case to either the Eastern District of New York or the Eastern District of Michigan.

**IV.     Conclusion**

Accordingly, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion is granted to the extent that Counts VI and VII are dismissed without prejudice in their entirety. Furthermore, Counts I, VIII, and XV are dismissed without prejudice to the extent that they are based on the Assignment Agreement and/or the 2006 Mutual Non-Disclosure Agreement. The motion is otherwise denied.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of December, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge